**Carol Ruth HEER, Plaintiff-Appellee,**

v.

**RESERVE LIFE INSURANCE CO., a corporation, Defendant-Appellant.**

**No. 24782.**

United States Court of Appeals, Ninth Circuit.

July 20, 1971.

Rehearing Denied Aug. 16, 1971.

Curtis W. Cutsforth (argued), of King, Miller, Anderson, Nash & Yerke, Portland, Or., Joe Bailey Humphreys, Dallas, Tex., for defendant-appellant.

Nels Peterson (argued), of Peterson, Chaivoe & Peterson, Portland, Or., Dwyer & Jensen, Eugene, Or., for plaintiff-appellee.

Before BROWNING, HUFSTEDLER and TRASK, Circuit Judges.

**PER CURIAM:**

Reserve Life Insurance Company ("Reserve") appeals from a judgment awarding appellee Heer recovery upon a conditional insurance contract.

Heer applied for a $20,000 insurance policy upon the life of her 49-day-old child. She paid Reserve's soliciting agent the initial premium of $19.58, and he gave her a conditional receipt. The receipt recited, among other things, that "if the Company at its Home Office after investigation shall be satisfied that * * * on the date of the medical examination * * * each person proposed for insurance was insurable and entitled under the Company's rules and standards to insurance on the plan and for the amount applied for at the Company's published rates corresponding to the age of each person proposed for insurance, the insurance protection applied for shall by reason of such payment * * * take effect * * * from the date of such medical examination * * *." Another clause rendered ineffective the insurance contract if the specified conditions were not met.

Two days after Heer applied for the policy, the baby received and passed its medical examination. Five days later the infant died, the victim of "crib death." There is no suggestion whatever that Heer had anything to do with the infant's death. At the time of the infant's death, no underwriting had yet been done with respect to the insurance

application. After the company was notified of the death, it determined that it would not have accepted the application or written the insurance. The company so notified Heer and refunded the advanced payment to her.

The infant was the illegitimate child of Heer who was 18 years old when she filed her application. She had completed two years of high school. She was unemployed and was not then seeking employment. She was receiving $125 per month support from welfare payments, and she anticipated some contribution toward her support from her parents from whom she was living separately. She had no insurance on her own life, or any other kind of insurance program for herself.

The sole issue at trial was whether or not the policy would have been written had not the child died before the company had time to process the application. It is undisputed that Heer had the burden of proving that issue. Heer introduced no evidence to prove the issue other than the favorable medical examination. Reserve produced evidence through its own employees and through independent underwriters that upon these uncontroverted facts the policy would never have been written even if the infant had survived. To have written the policy would have violated at least three of Reserve's underwriting rules forbidding the issuance of life insurance policies in the absence of (1) any earned income, (2) any economic loss from the death of the insured, and (3) any life insurance upon the life of the parent. There was no contrary evidence.

Even if the district court disbelieved all of Reserve's testimony, the lack of accepted proof of Reserve's case could not supply the deficiency in proof of the appellee's case. She did not carry her burden of proving that the conditions of the contract were met.

The judgment is reversed.